UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-60335-STRAUSS

VY MARINA MILE LLC,

    Plaintiff,
v.

MASSIMILIANO BOSCAINO and
M/V CRANCHI 44M HID
CRA7352FK213,

    Defendants.
_____/

## ORDER

**THIS MATTER** came before the Court upon Defendant Massimiliano Boscaino's Motion for Leave to File Second Amended Counterclaim ("Motion"). [DE 63]. I have reviewed the Motion, the Response [DE 33] and Reply [DE 66] thereto, and all pertinent portions of the record. For the reasons discussed herein, the Motion is **GRANTED-IN-PART and DENIED-IN-PART**.

## BACKGROUND

On February 28, 2024, Plaintiff VY Marina Mile LLC ("Marina Mile") filed a three-count complaint against Defendants. Marina Mile brought claims for breach of contract and (in the alternative) unjust enrichment based on Defendant Massimiliano Boscaino's ("Boscaino") alleged failure to pay for repairs to Boscaino's vessel. *See* [DE 1]. Plaintiff also sought to foreclose on a lien against Boscaino's vessel, the Defendant Vessel in this action. *Id.* On May 30, 2024, Boscaino filed his Answer. [DE 23]. On June 24, 2024, Boscaino brought a three-count counterclaim against Marina Mile, alleging breach of contract, fraud in the inducement, and negligent misrepresentation. [DE 30].

On July 15, 2024, Marina Mile filed its Amended Complaint, adding a defamation claim to the three counts in the original Complaint. [DE 33]. Concomitantly, Marina Mile filed a motion to dismiss Boscaino's fraud in the inducement and negligent misrepresentation counterclaims. [DE 34]. On January 24, 2025, the Court granted Marina Mile's motion to dismiss and gave Boscaino leave to file an Amended Counterclaim, even though the deadline to file a motion seeking leave to amend pleadings was January 2, 2025. [DE 50]; [DE 55]. On February 5, 2025, Boscaino filed his Amended Counterclaim, alleging one count of breach of contract. [DE 56].

The parties then filed a Joint Notice where they consented to Magistrate Judge jurisdiction, thereby allowing me to conduct all further proceedings in accordance with 28 U.S.C. § 636. [DE 57]. I set a status conference for April 4, 2025, to discuss with the parties the upcoming deadlines and whether there needed to be any modifications. *See* [DE 59]. During the status conference, the parties represented that they wished to modify some deadlines, and Boscaino suggested that he would like to add a breach of implied warranty of workmanlike performance to his Amended Counterclaim. At the conclusion of the status conference, I directed the parties to file a proposed joint scheduling report by April 9, 2025. [DE 61]. The parties filed their Joint Scheduling Report but made no mention of amended pleadings. [DE 62]. I then entered a Second Amended Order Setting Trial and Pretrial Schedule. [DE 64]. That Order essentially adopted the parties' requested scheduling dates. Notably, the Order indicated that it did "not extend deadlines that are not mentioned herein." *Id.* at 1 n.1.

On the same day the Court entered its Second Amended Order Setting Trial and Pretrial Schedule, Boscaino filed his Motion. [DE 63]. Boscaino now seeks leave to amend his Amended Counterclaim to add three new claims – breach of bailment, breach of oral contract, and breach of

implied warranty of workmanlike performance – on top of his existing breach of written contract claim. *Id.* at 2.

## LEGAL STANDARD

When a party seeks leave to amend their pleadings after the deadline designated in a scheduling order, the party must demonstrate "good cause" under Federal Rule of Civil Procedure 16(b). *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). Only after a party demonstrates good cause will a court consider whether amendment is proper under Federal Rule of Civil Procedure 15(a). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."). "To establish good cause, the party seeking the extension must have been diligent." *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008).

If a party establishes good cause, then a court turns to Rule 15 and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This is because parties should "have their claims heard on the merits." *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014). However, "a motion for leave to amend may appropriately be denied '(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'" *Id.* at 1108–09 (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)).

## ANALYSIS

Boscaino fails to establish good cause to file a Second Amended Counterclaim (with three additional claims) after the deadline to do so has passed. Boscaino filed his Motion on April 9,

3

2025.  In his Motion, Boscaino seeks leave to amend pursuant to Rule 15(a)(2).  [DE 63] at 2.  But the deadline to file a motion seeking leave to amend pleadings was January 2, 2025.  [DE 50].  Although I entered a Second Amended Order Setting Trial and Pretrial Schedule essentially adopting the parties' requested scheduling dates, that Order was clear that it did "not extend deadlines that are not mentioned herein."  [DE 64] at 1 n.1.  Thus, the January 2, 2025 deadline is still the operative deadline to file a motion seeking leave to amend pleadings, and Boscaino must first demonstrate good cause under Rule 16 before proceeding under Rule 15.

Boscaino makes no substantive argument in his Motion regarding good cause or Rule 16.  At best, Boscaino states in the "background" portion of his Motion that "[n]ewly discovered facts supporting a claim for a Breach of Bailment, as well as a Breach of the Implied Warranty of Workmanlike Performance as to both the written contract and the oral contract, have also been discovered since the filing of the Amended Counterclaim."  [DE 63] at 3.  Only in his Reply does Boscaino provide any substantive argument about good cause and Rule 16.  *See* [DE 66] at 7–8.[1]

Boscaino asserts that his counsel discovered new evidence since the filing of the Amended Counterclaim.  *Id.*  Newly discovered evidence can supply the necessary good cause under Rule 16.  *Romero v. Regions Fin. Corp./Regions Bank*, No. 18-22126-CV, 2019 WL 1954082, at *2 (S.D. Fla. May 2, 2019); *see also Allstate Ins. Co. v. Regions Bank*, No. CIV.A. 14-0067-WS-C, 2014 WL 4162264, at *3 (S.D. Ala. Aug. 19, 2014) ("It cannot reasonably be disputed that newly discovered evidence can supply the necessary good cause under Rule 16(b)(4) to enlarge an expired deadline for amending pleadings.").

---

[1] "[A]rguments raised for the first time in a reply brief are not properly before a reviewing court." *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005).  Boscaino's failure to address good cause or Rule 16 in his Motion is on its own grounds to deny the Motion.  Nevertheless, I have considered Boscaino's good cause arguments in his Reply brief.

Boscaino provides some examples of these "newly discovered facts" stating that "the undersigned has recently learned that the Vessel's steering was disengaged, its raw water plugs removed, its bilge pumps rendered nonfunctional, its steering rendered inoperable and other componentry removed while in [Marina Mile's] exclusive care, custody and control following the Vessel's arrest." [DE 63] at 3.  However, these facts are not new.  Indeed, in his Counterclaim and Amended Counterclaim Boscaino alleges that the Vessel's water plug "was missing and all the bilge pumps were non-functional."  [DE 30] ¶ 31; [DE 56] ¶¶ 30, 33.  Moreover, Marina Mile correctly notes that Marina Mile and Boscaino stipulated to the release of the Vessel in May 2024, eight months before Boscaino filed his Amended Counterclaim.  *See* [DE 56] ¶¶ 27–31; [DE 65] at 4.  Thus, Boscaino had ample opportunity to discovery any additional issues with the Vessel while it was in his possession prior to April 9, 2025.

Furthermore, there is no plausible explanation from Boscaino as to why he is just now bringing a claim for breach of oral contract.  Boscaino alleges that around June 2023, Marina Mile offered to install and rig two twin engines on the Vessel and Boscaino.  [DE 63] at 2–3.  Marina Mile and Boscaino "orally agreed that the engines would be installed and rigged for the agreed price of $2,500.00."  *Id.* at 3.  In his Reply, Boscaino argues that his counsel did not learn of the alleged oral agreement between Boscaino and Marina Mile "until after the deadline to amend pleadings had passed . . . when the undersigned conducted an all-day meeting with Boscaino to review and analyze his detailed timeline of events."  [DE 66] at 7–8.

Again, this is not newly discovered evidence (or, if it is newly discovered, it certainly was not discovered diligently).  Boscaino is one of the two parties who allegedly made the oral contract.  He has been aware since June 2023 of the alleged oral contract.  As Boscaino's Reply admits, his counsel learned of the oral agreement and the basis for breach of bailment when his counsel

5

"conducted an all-day meeting with Boscaino to review and analyze [Boscaino's] detailed timeline of events" sometime after the deadline for amendment had passed. [DE 66] at 8. In other words, the "newly discovered evidence" giving rise to the proposed new claims was not information that was in the possession of Marina Mile or a third party that required ferreting out through the discovery process. Rather, it is information that has been in Boscaino's possession the entire time. With Marina Mile having filed its Complaint on February 28, 2024 [DE 1], and Boscaino having filed his original Counterclaim on June 24, 2024 [DE 30], it is impossible to conclude that Boscaino or his counsel were diligent in not sitting down for a detailed discussion that surfaced the existence of an oral agreement prior to the deadline to file an amended pleading. Therefore, Boscaino has failed to demonstrate that he was diligent in bringing his claim.

Even if Boscaino argued and demonstrated good cause, allowing Boscaino to file his Second Amended Counterclaim at this time, and as written, would prejudice Marina Mile and ignore the undue delay in Boscaino's filing. Boscaino's proposed Second Amended Counterclaim adds three additional claims against Marina Mile. *See* [DE 63–1]. The parties proposed amending their discovery deadline to June 20, 2025. [DE 2] at 2. I adopted their proposal. [DE 64]. That deadline of just over seventy days to complete discovery was set based on the representations from the parties during the April 4, 2025 status conference.

During the conference, the parties seemed to mutually agree to allow Boscaino to amend his Amended Counterclaim solely to add a breach of implied warranty of workmanlike performance claim. Such an amendment appeared reasonable as Boscaino's counsel proffered that such a claim is not entirely necessary, given that this warranty is presumed in every maritime contract. In other words, the proposed amendment did not substantively expand the case. To now not only add a simple breach of implied warranty of workmanlike performance but also two other

6

claims would likely require additional time for discovery and a Third Amended Order Setting Trial and Pretrial Schedule.

In a somewhat contradictory argument, Boscaino contends his new claims "are not based on new or unrelated facts and there is therefore no prejudice or surprise to [Marina Mile]." [DE 66] at 5. However, as described above, Boscaino then argues that he has shown good cause because he has discovered new evidence. *Id.* at 7–8. Either Boscaino's facts are not new (and therefore Boscaino has not demonstrated good cause), or Boscaino has presented new facts (which belies his argument that there is no prejudice to Marina Mile). Both statements cannot be true. Moreover, simply because no depositions have occurred does not mean (as Boscaino argues) that Marina Mile will not be prejudiced. The parties have engaged in written discovery, and adding new theories to the case would reasonably trigger additional discovery. Requiring Marina Mile to complete this additional discovery in less than two months would likely cause prejudice.

Additionally, Boscaino does not provide a single explanation in his Motion as to why he did not allege a breach of oral contract or breach of bailment in any previous iterations of his counterclaim. "[S]uch unexplained tardiness constitutes undue delay." *Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004). Only in his Reply does Boscaino proffer any explanation, and as explained above, that explanation is not satisfactory. *See Flores v. 2K Clevelander, LLC*, No. 1:16-CV-24083-UU, 2017 WL 5054565, at *4 (S.D. Fla. May 4, 2017) (finding undue delay in seeking leave to amend when requesting leave four months after the court's deadline).

Consequently, Boscaino has not shown good cause to amend his Amended Counterclaim nor demonstrated an absence of undue delay on his part or an absence of prejudice to Marina Mile. However, given that the parties agreed that Boscaino could amend his Amended Counterclaim to

add a breach of implied warranty of workmanlike performance claim, *see* [DE 65] at 2; [DE 66] at 7, I do find that Boscaino may amend his Amended Counterclaim to add that claim. Boscaino does not have leave to amend to add his breach of bailment or breach of oral contract claims.

## **CONCLUSION**

For the reasons discussed above, Boscaino's Motion [DE 63] is **GRANTED-IN-PART and DENIED-IN-PART**. **Boscaino shall file his Second Amended Counterclaim (adding only his breach of implied warranty of workmanlike performance claim) by May 8, 2025.**

**DONE AND ORDERED** in Fort Lauderdale, Florida this 2nd day of May 2025.

*[Signature]*
Jared M. Strauss
United States Magistrate Judge